# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 7:14-cr-00060** |
| v. | ) | |
| | ) | |
| **STEPHON CLIFFORD BRYANT,** | ) | By:  Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Stephon Clifford Bryant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 342. The Federal Public Defender has supplemented Bryant's pro se request, ECF No. 344, and the government opposes it, ECF No. 351. Because Bryant has not demonstrated extraordinary and compelling circumstances to justify his release, the court will **DENY** his motion.

## I.

On April 14, 2015, Bryant entered into a written plea agreement in which he pleaded guilty to one count of conspiring to possess with the intent to distribute 1000 grams or more of a mixture containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF No. 152. On November 25, 2015, Bryant was sentenced to 120 months of incarceration. ECF No. 267. Bryant has been in continuous custody since July 17, 2015, and has served more than half of his sentence. ECF No. 328 at 2. Bryant is currently housed at FCI Edgefield and is scheduled to be released on March 14, 2024.[1] Bryant has a 48-month

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Dec. 14, 2020) (search "Stephon Clifford Bryant").

sentence to serve in Virginia state prison following the completion of his federal sentence. ECF No. 337 at 3 n. 1.

Bryant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Bryant suffers from asthma and high blood pressure. See ECF No. 337-2 at 1. Bryant asks the court generally for a second chance but does not specify whether he seeks home confinement or immediate release from his sentence. See ECF No. 342. The government opposes any sentence reduction for Bryant. ECF No. 351. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Accordingly, Bryant's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Bryant is a danger to the safety of the community.

    i.    <u>Bryant has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Bryant filed three motions for compassionate release with this court between March 30, 2020, and April 14, 2020. ECF Nos. 327, 329, 331. Bryant administratively requested

compassionate release from the warden of FCI Edgefield on April 28, 2020. ECF No. 342 at 15. On May 19, 2020, the court denied without prejudice Bryant's requests because he failed to exhaust his administrative remedies. ECF No. 340. Bryant then filed a second motion with this court on June 22, 2020, reporting that the warden had not responded to his request for compassionate release. ECF No. 342 at 3. The government says the warden denied Bryant's administrative request on June 30, 2020, and does not appear to contest that Bryant has now satisfied the exhaustion requirement. ECF No. 351 at 2. Accordingly, the court finds that Bryant exhausted his administrative remedies.

  ii. <u>Bryant does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). <u>Id.</u> at cmt. n. 1(A)-(D).

The court finds that Bryant's underlying medical conditions, even in the context of the COVID-19 pandemic, do not present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. <u>Id.</u> at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release

4

when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's [or CDC] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Bryant suffers from asthma and high blood pressure, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract the coronavirus.[4] Because the additional risks posed by Bryant's asthma and high blood pressure are neither certain nor inevitable, they are not extraordinary and compelling enough to justify a reduction of his sentence. See, e.g., Barnes, 2020 WL 6450283, at *2 (denying compassionate release request for inmate with asthma and hypertension). While the court is sympathetic to the risk

---

[3] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 1, 2020).
[4] Id.

5

that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because the court finds that Bryant has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[5]

### III.

For these reasons, the court will **DENY** Bryant's motion for compassionate release, ECF No. 342. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: December 17, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.17 11:39:09 -05'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] Because the court finds that Bryant has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.